## Commonwealth v. Chant

*John T. Clary, Jr.,* for the Commonwealth.
*Stephen A. McBride,* for defendant.

## FACTS

THOMPSON, *P.J.,* September 12, 1984—On March 23, 1984, petitioner was arrested for driving under the influence of intoxicating liquor. Petitioner refused to submit to a breathalyzer test. Because of this refusal, petitioner's license was suspended for one year. Davis R. Chant petitions the court for appeal from the order of the Department of Transportation suspending his driver's license. Petitioner alleges that no basis for the suspension exists because he has not committed any violation. In addition, petitioner alleges that the arresting officer did not properly warn him of the ramifications of the failure to submit to a breathalyzer test. Specifically, petitioner believes that the Motor Vehicle Code should be interpreted to require the arresting officer to advise the arrested individual that his license will be suspended for a specific period of time upon refusal to submit to a breathalyzer test.

The license suspension appeal was heard on August 2, 1984. At this hearing, petitioner disclosed that he was not in fact a resident of Pennsylvania, even though he held a Pennsylvania license. Mr. Chant voluntarily surrendered his Pennsylvania license for cancellation, however, petitioner's action

of surrendering his license does not resolve the suspension issue.

## OPINION

The first issue for resolution is whether or not Mr. Chant is suspended from driving in Pennslyvania even though he is a non-resident. Under 75 Pa. C.S. §1546, "the privilege of driving a motor vehicle on the highways of this Commonwealth given to a non-resident shall be subject to suspension or revocation by the department in like manner and for like cause as a resident's operating privilege." Therefore, the fact that Mr. Chant is not a resident of Pennslyvania is of no consequence.

The second issue for resolution is whether or not the Commonwealth presented a prima facie case to support Davis Chant's license suspension.

"Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or presence of a controlled substance if a police officer has *reasonable grounds to believe the person to have been driving,* operating or in actual physical control of the movement of a motor vehicle while under the influence of alcohol." (Emphasis added) 75 Pa. C.S. §1547 (a) (1).

The court feels that the testimony presented at the hearing showed that the arresting officer had reasonable grounds to believe Mr. Chant had been driving, as he was parked in the middle of a public roadway. Also, testimony disclosed that Mr. Chant reasonably appeared to be under the influence of alcohol, as he smelled of liqour and had difficulty in

walking. Mr. Chant was lawfully arrested for driving under the influence of alcohol.

The officer then requested Mr. Chant to submit to a chemical test and issued warnings. Petitioner refused and now argues that the warning was not "phrased in a mandatory manner," and that "fairness requires the substance of any warning to include the period of suspension." The statute mandates that:

"It shall be the duty of the police officer to inform the person that the person's operating privilege *will* be suspended upon refusal to submit to chemical testing." (Emphasis added) 75 Pa. C.S. §1547 (b)(2). At defendant's license suspension appeal hearing, Trooper Shoucair testified that he unequivocally informed Mr. Chant that his driver's license would be suspended if he refused to submit to chemical testing. It is the opinion of the court that the warning given was in compliance with 75 Pa. C.S. §1547 (b)(2).

Since the arrested driver chose not to comply with one of the conditions of the Motor Vehicle Code, his license will be automatically suspended. The apparant intent of the law is to encourage chemical testing to determine the alcoholic content of the blood. The full extent of automatic suspension is not discussed by arresting officers in the form of a right, because it is not statutorily mandated. Automatic suspension is a supplementary enforcement to our safe driving laws and utilized only after the driver absolutely refuses chemical testing. Therefore, no notice other than the statutory notice, is initially required. The period of time in which a driver's license is suspended is not part of the statutory notice. The only notice required is that "the person's operating privilege will be suspended upon refusal

to submit to chemical testing." 75 Pa. C.S. §1547 (b)(2). Mr. Chant's warning was sufficient under the statute. This statutory notice is the only notice that is required. The warning defendant received from the arresting officer was adequate.

## ORDER

And now, this September 12, 1984 petitioner's request for appeal from order of the Department of Transportation suspending his driver's license is hereby dismissed.